IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVIS HUTCHINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-324-WHA |
| ) | [WO] |
| WALTER MYERS, Warden, ) | |
| individually and in his official ) | |
| capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is Plaintiff Travis Hutchins's motion for restraining order (Doc. # 15), which is construed as containing a motion for a temporary restraining order and a motion for a preliminary injunction against Defendants Walter Myers and Nathaniel Lawson.  Mr. Hutchins is a prisoner in the custody of the Alabama Department of Corrections and is currently housed in Easterling Correctional Facility.  In his motion, Mr. Hutchins alleges that Warden Myers threatened to beat him up and issued false disciplinary charges against him.  Furthermore, Mr. Hutchins contends that Captain Lawson sexually assaulted him and also threatened to beat him up.  He asserts that Warden Myers's and Captain Lawson's threats and conduct have caused him to fear for his personal safety.  He requests the issuance of a "restraining order" against Defendants and a transfer to a different penal institution. (Doc. # 15.)  Upon careful consideration, the motion for a temporary restraining

order will be denied and the motion for a preliminary injunction will be referred to the Magistrate Judge.

A temporary restraining order is an extraordinary form of relief. Such an order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Under Federal Rule of Civil Procedure 65, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts it has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

Mr. Hutchins falls short of meeting Rule 65(b)(1)'s prerequisites for the exceptional remedy of a temporary restraining order. Mr. Hutchins has not certified to the court why notice to Defendants should not be required. Nor has he demonstrated that he faces an ongoing threat of immediate and irreparable injury in the absence of a temporary restraining order. Mr. Hutchins also has not

demonstrated, or even argued, that he has a substantial likelihood of success on the merits.

Accordingly, it is ORDERED that Mr. Hutchins's motion for a temporary restraining order (Doc. # 15) is DENIED.

It is further ORDERED that Mr. Hutchins's motion for a preliminary injunction (Doc. # 15) is REFERRED to the Magistrate Judge.

DONE this 28th day of July, 2016.

                                                    /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE