IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVIS HUTCHINS, ) | |
| AIS #254969, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-324-WHA |
| ) | |
| WALTER MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint received from Travis Hutchins ("Hutchins"), a state inmate, on May 6, 2016.  Hutchins was confined at the Easterling Correctional Facility ("Easterling") when he filed this action.  In the instant complaint, Hutchins alleges that the defendants failed to protect him from attack by another inmate on March 6, 2016.  Hutchins also complains that the defendants denied him access to medical and dental treatment after this attack.

On July 27, 2016, Hutchins filed a Motion for Temporary Restraining Order (Doc. No. 15), which the Court construed to likewise contain a motion for preliminary injunction. *See Order of July 28, 2016 - Doc. No. 16*.  In this motion, Hutchins sought a transfer from Easterling due to his alleged fear of defendants Walter Myers and Nathaniel Lawson.  The

Court denied the Motion for Temporary Restraining Order and referred the Motion for Preliminary Injunction to the undersigned for disposition. *Id*.

On July 28, 2016, the Court ordered defendants Myers and Lawson to show cause why the Motion for Preliminary Injunction should not be granted. *Order of July 28, 2016 - Doc. 17*. In response to this order, the defendants submitted Hutchins' "Inmate Summary" sheet which establishes that correctional officials have recently transferred Hutchins from Easterling.[1] The defendants therefore argue that the motion for preliminary injunction is moot as Hutchins has received the relief requested in the motion.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Hutchins demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established

---

[1] This document indicates that Hutchins is now incarcerated at the Kilby Correctional Facility.

the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

### III.  DISCUSSION

The defendants' response establishes that Hutchins has been transferred from Easterling, the precise relief sought in the motion for preliminary injunction. Based on the foregoing, the court finds that the second factor necessary for preliminary injunctive relief, a substantial threat that Hutchins will suffer the requisite irreparable injury does not now exist due to such transfer. In light of the foregoing, the undersigned concludes that the motion for preliminary injunction is moot as Hutchins has received the requested relief in the form of his transfer from Easterling to Kilby.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED as moot.

2. This case be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before **September 1, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings

and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of August, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE